UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DARRYL A. HALL, JR., <br><br> Plaintiff, <br><br> v. <br><br> LEISURE TIME PRODUCTS, INC, *et al*, <br><br> Defendant. | Civil Action No. 3:14–CV–465 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court a Motion to Remand (ECF No. 4) filed by Plaintiff Darryl A. Hall, Jr. ("Plaintiff"). Defendants Backyard Leisure, LLC ("Backyard LLC"), Leisure Time Products, Inc. ("Leisure Time"), Backyard Leisure Holdings, Inc. ("BLH"), and Lowe's Home Centers, Inc. ("Lowes") (collectively, "Defendants") oppose this Motion. For the reasons below, the Plaintiff's Motion to Remand is GRANTED.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On March 4, 2013, Plaintiff filed a complaint in the Circuit Court for the City of Richmond ("Richmond Circuit Court") against Defendants seeking damages for personal injuries related to an alleged defect in the hardware used to support a child's swing set. On March 28, 2013, Defendants filed a joint Answer. In response to Plaintiff's allegation in paragraph five of the Complaint that Backyard LLC was "engaged in the business of designing, manufacturing, testing, inspecting, marketing, distributing and selling swing sets and related products and component parts," Defendants responded "[a]t this time, Defendants are without sufficient information to admit or deny the allegations contained in ¶ 5 of the Complaint, and therefore deny them." (*See* Compl. ¶ 5; Ans. ¶ 5).

On April 3, 2013, before the Honorable Robert E. Payne, Defendants timely filed a Notice of Removal ("First Notice") on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). On April 4, 2013, Judge Payne issued an Order on April 4, 2013, *sua sponte*, requiring Backyard

LLC to properly allege its citizenship for purposes of establishing diversity as a basis for removal. *See Hall v. Backyard Leisure, LLC et. al*, 3:13-CV-00211-REP, ECF No. 4. Defendants did not allege fraudulent joinder as a basis for removal in their initial Notice of Removal. *See id.* ECF No. 1. On April 15, 2013, Backyard LLC filed an unopposed Motion to Remand in which it admitted that one or more of its member entities were comprised of members who were citizens of Virginia and that, thus, complete diversity did not exist at the time of filing. *See id.*, ECF Nos. 6-7. On April 16, 2013, Judge Payne remanded the case back to state court on Backyard LLC's unopposed motion to remand. *See id.,* ECF No. 9. The parties then engaged in discovery and produced substantive discovery responses, retained experts, and conducted depositions. Backyard LLC never filed an Amended Answer to that effect or updated its discovery responses. Defendants aver that Plaintiff engaged in the following tactics to delay discovery:

- Plaintiff refused to set the case for trial in state court prior to the expiration of the one-year time period for removal. (Green Aff. at ¶¶ 11-14.)
- Plaintiff was first informed that the non-diverse defendants were not proper parties on July 29, 2013, and took no action despite Defendants' request to conduct discovery on that issue. (Green Aff. at ¶¶ 11, 14.)
- Plaintiff was again informed that the non-diverse defendants were not proper parties on August 1, 2013 and that Defendants would be available for a deposition in the fall of 2013, but took no action. (Ex. D; Green Aff. at ¶¶ 14-15.)
- Plaintiff was again informed that the non-diverse defendants were not proper parties on November 21, 2013, and that Defendants would be available for deposition on January 10, 2014. (Ex. E; Green Aff. at ¶ 17.)
- Plaintiff refused to provide a Rule 4:5(b)(6) corporate representative deposition notice for the deposition on January 10, 2014, so it was cancelled. (Ex. F; Green Aff. at ¶¶ 18-20; Hotz Aff. at ¶ 10.)
- When informed, once again that Defendants needed a Rule 4:5(b)(6) corporate representative deposition notice, Plaintiff's counsel stated to Defense counsel, "If I nonsuit those parties you will remove this matter to federal court." (Green Aff. at ¶ 19.)
- When asked on January 15, 2014 for deposition dates for Defendants' deposition, Plaintiff's counsel represented that his first available date was March 28. Defendants made arrangements for a deposition in Richmond on that date, but on March 25, 2014, Plaintiff's counsel denied ever agreeing to the March 28 date because it conflicted with the Annual Convention of the Virginia Trial Lawyers Association. However, Plaintiff did not attend the convention on March 28. (Green Aff. at ¶¶ 21, 23; Hotz Aff. ¶¶ 11-12.)
- Plaintiff never arranged to take Defendants' deposition. Defendants, at their own expense, deposed Donald Hotz on April 2, 2014. (Ex. H.)

(Defs.' Mem. Supp. Opp'n Mot. Remand 14-15). On April 2, 2014, Mr. Hotz—Defendants' corporate representative—testified that Backyard LLC is an ownership structure of a group of investors that own preferred shares and common shares in Backyard LLC, but it had nothing to do with the design, manufacture, sourcing, or sale of the product at issue. (Hotz Dep. 8-12). On May 20, 2014, reportedly satisfied that Backyard LLC and BLH were not responsible for the product at issue, Plaintiff circulated for signature an Order for Nonsuit dismissing Backyard LLC and BLH as defendants, and the Circuit Court entered the Order on June 6, 2014. (Notice of Removal, Ex. C).

On June 25, 2014, Defendants Leisure Time and Lowes filed a second notice of removal ("Second Notice") in this Court asserting that removal is proper pursuant to 28 U.S.C. § 1441, and that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff filed a Motion to Remand on July 3, 2014. Defendants filed an opposition on July 17, 2014. Plaintiff filed his reply on July 22, 2014. This matter is now ripe for review.

Defendant Leisure Time is a Delaware corporation with its principal place of business in Kansas. Defendant Lowe's is a North Carolina corporation with its principal place of business in North Carolina. Plaintiff is a citizen of the Commonwealth of Virginia. The amount in controversy in this matter exceeds $75,000.

## II.   STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction . . . [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331, and where the amount in controversy exceeds $75,000 and the matter is between citizens of different states pursuant to 28 U.S.C. § 1332. Federal diversity jurisdiction only exists under § 1332 where there is complete diversity, that is, "when no party shares common citizenship with any party on the other side." *Mayes v. Rapport*, 198 F.3d 457, 461 (4th Cir. 1999) (internal

citations omitted). A defendant may remove a case from state to federal court if the federal court has original jurisdiction over the matter, but if a case is removable based solely on diversity jurisdiction, the case may not be removed if any of the defendants is a citizen of the state where the action was brought. 28 U.S.C. §§ 1441(a), (b).

Under 28 U.S.C. § 1446(a), a defendant desiring to remove a civil action from State court must file a notice of removal in the United States District Court and division within which the action is pending. *Creed v. Virginia,* 596 F. Supp. 2d 930, 933 (E.D. Va. 2009). The defendant must file a notice of removal within 30 days of the receipt of an initial pleading or within 30 days after the service of summons, whichever period is shorter. § 1446(b)(1)(B). If the case, based on the initial pleading, is not removable, it may become so after receipt by a defendant of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. § 1446(b)(3). "Courts have interpreted the words 'other paper' to include deposition transcripts." *Cain v. CVS Pharmacy, Inc.*, No. 5:08CV79, 2009 WL 539975, at *2 (N.D.W. Va. Mar. 4, 2009) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996); *TKI, Inc. v. Nichols Research Corp.,* 191 F. Supp. 2d 1307, 1310 (M.D. Ala. 2002)). A case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action, unless the Court finds that Plaintiff has acted in bad faith in order to prevent removal. § 1446(c)(1). Defendants can seek successive removals so long as a second notice is based on different grounds. *Cain*, 2009 WL 539975, at *2.

The party seeking removal has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal of a case from state court implicates "significant federalism concerns," removal jurisdiction must be strictly construed, and "if federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d. at 151.

### III. PARTIES' ARGUMENTS

Defendants note that the Second Notice was filed within 30 days after receipt by Defendants of the Nonsuit Order entered by the Richmond Circuit Court on June 6, 2014.[1]

Defendants argue that the one year limitation on filing notices of removal should be tolled because Plaintiff acted in bad faith by failing to respond to their letters in which they stated that Backyard LLC and BLH were not proper parties in the action because they played no role in the design, production, or distribution of the product at issue in this matter. Defendants note that Plaintiff never propounded any discovery on them in which he sought information and/or documents concerning these matters nor did he depose a Backyard LLC corporate representative. Defendants argue that Plaintiff's failure to investigate whether the allegations in his Complaint were accurate constitutes bad faith pursuant to 28 U.S.C. § 1446(c). In sum, Defendants allege that Plaintiff engaged in strategic gamesmanship to "run out the clock" on removal. (Notice of Removal 5).

Defendants cite to *Fuqua v. Gulf, C. & S. F. Ry. Co.*, 206 F. Supp. 814 (E.D. Okla. 1962), for the proposition that the instant case would not have been removable even if they knew that Backyard LLC and BLH could not be held liable. Defendants aver that, at the time of the First Notice they were not aware of the possibility of removal on the grounds of fraudulent joinder despite their earnest efforts to ascertain the nature of the relationship between the Defendants prior to removal. Defendants argue that once the fraudulent joinder was uncovered, it was too late to remove on fraudulent joinder grounds, and Defendants had to wait for an "amended pleading, motion, order or other paper" from which it could be ascertained that the case was removable. *See* 28 U.S.C. § 1446(b)(3). They note that the relevant Nonsuit Order was not entered until June 6, 2014. Defendants cite various cases in which the one-year limitation on removal was extended due to active efforts on the part of a plaintiff to circumvent a defendant's

---

[1] Because the issue of whether Defendant properly removed within 30 days of the Nonsuit Order is not dispositive, this memorandum will solely address the issue of whether Plaintiff acted in bad faith.

right to a federal forum. *See, e.g.*, *Davis v. Merck & Co., Inc.*, 357 F. Supp. 2d 974, 978 (E.D. Tex. 2005). Defendants contend that there is little case law, and no statutory guidance, as to what constitutes bad faith because the statutory exception to the one-year time limit is relatively new. Defendants argue that Plaintiff delayed depositions in order to prevent them from establishing fraudulent joinder prior to the one-year limitation on removal. Defendants aver that Plaintiff cannot be permitted sit by and remain willfully ignorant of the situation at hand in order to defeat removal.

Plaintiff contends that the Second Notice is untimely because it was filed on June 25, 2014, more than a year after the filing of the Complaint in the Richmond Circuit Court on March 4, 2013. Plaintiff argues that the bad faith exception does not apply here where Defendants failed to conduct a timely investigation into its own citizenship and its responsibility for the product at issue. Moreover, Plaintiff notes that Backyard LLC did not indicate in its response to interrogatories that it was not directly responsible for the design and manufacture of the product at issue. Plaintiff contends that he had every right to assume Backyard LLC's responses provided under oath were true. Plaintiff contends that Defendants waited until April 2, 2014 to provide any evidence that Backyard LLC was not a proper party. Plaintiff reports that this evidence came in the form of Mr. Hotz's deposition. Plaintiff contends that, as a result of Mr. Hotz's deposition, he filed a Nonsuit Order on May 20, 2014. Plaintiff argues that nothing prevented Backyard LLC from presenting the same evidence to this Court in the form of an Affidavit or deposition in support of a timely filed notice of Removal. Plaintiff concludes that Defendants are attempting to use their own lack of diligence as an exception to the strict time requirements established in 28 U.S.C. § 1446.

## IV. ANALYSIS

This case presents somewhat unique facts. Here, Defendants all retained the same counsel on March 27, 2013. Counsel for Defendants states that he was first able to speak with Mr. Hotz on April 1, 2013. Defendants' counsel states that he removed the matter to federal

6

court on April 3, 2013 based on the representations of his clients. Pursuant to Judge Payne's order to provide the citizenship of Backyard LLC, Defendants' counsel asked Mr. Hotz to research the citizenship of the Defendants. Apparently, it was not until July 2013, that Defendant's counsel learned from Mr. Hotz that neither Backyard LLC nor BLH were proper defendants in this matter. Specifically, Defendants learned that neither Backyard LLC nor BLH were involved in the manufacture or production of the product at issue and, thus, could not be liable under the Complaint.

Defendants' argument that the instant case would not have been removable at the time of the First Notice even if they knew that Backyard LLC and BLH could not be held liable is specious and speculative. It is clear that, under Virginia law, entities that have no relation to the product at issue cannot be held liable for its use because no causation would be present. *See Cooper Indus., Inc. v. Melendez*, 537 S.E.2d 580, 587 (Va. 2000). There is little question that Defendants' counsel's failure to raise the argument of fraudulent joinder in the First Notice was the result of either inadequate investigation of his own clients or the fact that he was retained so close to the 30 day deadline to file a notice of removal. In any event, Defendants are at fault for failing to allege fraudulent joinder in the First Notice.

Defendants are also at least partly to blame for failing to file the Second Notice within a year. Defendants could have removed the case after receipt of an amended pleading, motion, order, or other paper from which they could ascertain that the case was one which is or had become removable. *Cain*, 2009 WL 539975, at *2. "Other paper" has been interpreted to include deposition transcripts. *Id.* Defendants had ample opportunity to remove this case pursuant to a deposition of Mr. Hotz or another corporate representative of Backyard LLC or BLH, as evidenced by Defendants' ability to self-notice the deposition of Mr. Hotz on April 2, 2014. Defendants inexplicably chose not to take advantage of this option, perhaps intending to wait for Plaintiff to nonsuit the case as to Backyard LLC and BLH.

While not conclusive, Defendants may have been able to show that Plaintiff engaged in delaying tactics while before the Virginia Circuit Court including: refusing to set the matter for trial within a year, failing to take action despite multiple letters stating that Backyard LLC and BLH were not proper defendants, refusing to timely depose Mr. Hotz, and failing to attend the Defendants' deposition of Mr. Hotz. Defendants note that Plaintiff acted in this manner with the knowledge that Defendants intended to remove the case to federal court as soon as Plaintiffs nonsuited the case against Backyard LLC and BLH.

Plaintiff denies Defendants' allegations that he improperly made himself unavailable for trial or depositions. Plaintiff counters that he was not required to attend the deposition of Mr. Hotz because he did not "notice" the deposition himself. Plaintiff contends that he was entitled to rely on Defendants statements in their answer and response to interrogatories as opposed to Defendant's unsworn statements in letters that Backyard LLC and BLH were not proper parties. Plaintiff avers that they circulated a Nonsuit order soon after the deposition of Mr. Hotz because that represented the first sworn evidence confirming that Backyard LLC and BLH had nothing to do with the product at issue.

The vast majority of cases that find that plaintiffs acted in strategic ways to deprive defendants of the ability to remove involve refusal to engage in discovery. *See, e.g.*, *Brown v. Wal-Mart Stores, Inc.,* No. 5:13CV00081, 2014 WL 60044, at *2 (W.D. Va. Jan. 7, 2014) (Plaintiff failing to respond to a settlement inquiry or provide answers to discovery aimed at determining the amount in controversy until after the one year anniversary of filing suit); *see id.* (collecting similar cases). While Plaintiff may have been unhelpful to Defendants, it may be a stretch to say that Plaintiff acted strategically to deprive Defendants of their right to remove in light of the fact that Defendants were in possession of the information necessary to do so. As noted by Plaintiff, Defendants had multiple options to bring this information to light. Leisure Time and/or Lowes could have (1) issued discovery requests to Backyard LLC and BLH noticed depositions of Backyard LLC and BLH, or (2) sent Backyard LLC and BLH requests for

admissions. Further, as they later did, Defendants could have noticed the deposition of Mr. Hotz within the one year limit to remove.

## V.    CONCLUSION

For the aforementioned reasons, the Court GRANTS Plaintiffs' Motion to Remand.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Plaintiff.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this  7th    day of October 2014.